WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>William Keith Besner,<br><br>   Defendant. | No. CR-94-00260-001-PHX-JAT<br><br>**ORDER** |

   Pending before the Court is Defendant William K. Besner's Motion to Vacate, Resentence, and Terminate Supervision. (Doc. 101). On March 20, 2014, the Court found that Defendant had violated the terms and conditions of his probation, and based on that finding, revoked probation and sentenced Defendant to eleven (11) months imprisonment followed by thirty-six (36) months of Supervised Release. (Doc. 89 at 1). Defendant argues that the Court's sentence was in error and should be vacated, as he "could lawfully receive no more than eight months incarceration" for his sentence. (Doc. 101 at 1).

   The Court finds that Defendant's motion seeks to correct the sentence imposed in the Court's March 20, 2014, Order, pursuant to Fed. R. Crim. P. 35(a) and is not a petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2255 (2012). Nor can the Court *sua sponte* re-characterize Defendant's motion as a writ. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (recognizing that courts should not treat post-judgmental criminal motions as § 2255 motions unless the motion specifically refers to § 2255). Plaintiff argues that under Rule 35(a), the Court "may correct an illegal sentence

at any time," and should set aside Defendant's current sentence that carries a thirty-six month period of Supervised Release. (Doc. 101 at 4). The Court disagrees.

"District Courts do not have inherent authority to resentence defendants at any time." *United States v. Stump*, 814 F.2d 170, 172 (9th Cir. 1990). "Rule 35 is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals." *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) (*rev'd on other grounds*) (citing *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988)). Rule 35 was revised in 1985 with the "advent of the federal sentencing guidelines," and the "revised rule applies to sentences for offenses committed after 1 November 1987." *Stump*, 914 F.2d at 172 n.1 (citing Sentencing Act of 1987, Pub.L.No. 100-182 § 2(a), 101 Stat. 1266). Even assuming that revocation of Defendant's probation in March 2014 can be tied back to the criminal complaint filed against Defendant on November 17, 1993, nothing in the record suggests that any crime Defendant was sentenced for was committed before November 1, 1987. Thus, the revised Rule 35 applies to Defendant's motion. Rule 35(a) mandates that a motion to "correct a sentence that resulted from arithmetical, technical, or other clear error" be filed "[w]ithin 14 [fourteen] days after sentencing." *See also United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citation omitted) (noting that a motion to correct a sentenced based on clear error must be filed within fourteen days after sentencing).

The sentence Defendant seeks relief from was imposed on March 20, 2014. (Doc. 89). Defendant's pending motion was filed on January 25, 2016, well outside of the fourteen day time limit imposed by Rule 35(a). Accordingly, the Court will deny Plaintiff's motion.

/
/
/
/
/

For the aforementioned reasons,

**IT IS ORDERED** that Plaintiff's Motion to Vacate, Resentence, and Terminate Supervision, (Doc. 101), is hereby **DENIED**.

Dated this 23rd day of May, 2016.

James A. Teilborg
Senior United States District Judge